**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HETRONIC INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TORSTEN REMPE, AZ CS INC., and ) | |
| AZ CONTROL SOLUTIONS INC., ) | |
| ) | Case No. CIV-14-787-F |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| TORSTEN REMPE, ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| HETRONIC INTERNATIONAL, INC. ) | |
| and METHODE ELECTRONICS, INC., ) | |
| ) | |
| Counterclaim-Defendants. ) | |

**AMENDED JUDGMENT**

In accordance with the order entered by the court on October 5, 2016, and the mandate of the Court of Appeals, filed in this action on September 22, 2017, and with the benefit of the proceedings at the hearing on attorneys' fees, held on January 5, 2018, final judgment is entered in this case as follows:

The plaintiff, HETRONIC INTERNATIONAL, INC. (Hetronic), is granted judgment against the defendant, TORSTEN REMPE (Rempe), in the amount of $4,050,128.51 in compensatory damages (inclusive of, among other things,

attorneys' fees as damages pursuant to the mandate of the Court of Appeals)[1] and $50,000.00 in punitive damages, for a total judgment (exclusive of the judgment for sanctions, set forth below) in the amount of $4,100,128.51.

Hetronic is granted judgment against the defendant, AZ CS, INC. (AZCS), in the amount of $290,891.40 in compensatory damages and $50,000.00 in punitive damages, for a total judgment in the amount of $340,891.40.

Hetronic is granted judgment against Rempe (in addition to the money judgment set forth above) in the amount of $229,517.50 by way of sanctions for willful spoliation of evidence in this case.

Rempe is permanently **ENJOINED** from performing any of the following acts, whether directly or indirectly; alone, by or through agents, or in concert with others:

> a. Retaining any Hetronic files or copies thereof and other property of Hetronic in his possession, as set forth in section 10 of the Employment Agreement executed by Rempe and Methode on September 30, 2008 (the "Employment Agreement");
>
> b. Retaining any of Hetronic's Proprietary Information as that term is defined in the Methode Employee Confidentiality and Assignment of Inventions Agreement executed by Rempe and Methode on September 30, 2008 (the "Confidentiality Agreement"); or
>
> c. Divulging or conveying to others any of Hetronic's Proprietary Information as that term is defined in the Confidentiality Agreement.

AZCS is permanently **ENJOINED** from performing any of the following acts, whether directly or indirectly; alone, by or through agents, or in concert with others:

---

[1] The attorney fee portion of this amount is $3,128,307.40, determined in accordance with the mandate of the Court of Appeals. The court's determination of reasonableness is based, among other things, on uncontroverted testimony that the rates charged by plaintiff's lead law firm were specifically negotiated, discounted, and frozen at 2015 levels.

d. Retaining any Hetronic files or copies thereof and other property of Hetronic in its possession, as set forth in section 10 of the Employment Agreement;

e. Retaining any of Hetronic's Proprietary Information as that term is defined in the Confidentiality Agreement; or

f. Divulging or conveying to others any of Hetronic's Proprietary Information as that term is defined in the Confidentiality Agreement.

Judgment is entered in favor of Hetronic and Methode Electronics, Inc. ("Methode") on Rempe's counterclaims against Hetronic and Methode.

This judgment is entered as a final order under Rule 54(b), Fed.R.Civ.P., the court having previously made the requisite findings in its order dated October 5, 2016, doc. no. 190.

Plaintiff and Methode shall have their taxable costs, as provided by law. All sums adjudicated to be due the plaintiff shall bear post-judgment interest from this date as provided in 28 U.S.C. § 1961.

Dated January 5, 2018.


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0787p049.docx